THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH
CAROLINA CASE NO. 3:23-cv-663

EAN Holdings, LLC, Enterprise Leasing
Company-Southeast, LLC,

    Plaintiffs

vs.

D.C., a minor, Jade Alexia Carr, individually
and as mother to D.C., a minor, Marcus
Alonzo Harris, and Deveon Cooper,

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COME Plaintiffs, EAN Holdings, LLC and Enterprise Leasing Company-Southeast, LLC (collectively referred to as "Enterprise") by and through undersigned counsel, for their Complaint for Declaratory Judgment against Defendants D.C, a minor, Jade Alexia Carr, individually and as mother to D.C., a minor, Marcus Alonzo Harris, and Deveon Cooper ("Defendants"), and allege and say as follows:

## **PRELIMINARY STATEMENT**

This is a declaratory judgment action seeking a declaration regarding Plaintiffs' defense and/or indemnity obligations to Defendants Marcus Alonzo Harris and Deveon Cooper in connection with a lawsuit stemming from a motor vehicle accident which occurred on November 18, 2020.

## PARTIES

1. Plaintiff EAN Holdings, LLC is a limited liability company authorized and existing under the laws of the State of Delaware, with its principal office at 600 Corporate Park Drive, St. Louis, Missouri.

2. Plaintiff Enterprise Leasing Company-Southeast, LLC is a limited liability company authorized and existing under the laws of the State of Delaware, with its principal office located at 8335 IBM Drive, Suite 100, Charlotte, North Carolina.

3. Defendant D.C., a minor, is a citizen and resident of Mecklenburg County, North Carolina. Walker L. Hart, IV has been appointed as D.C.'s guardian ad litem in the underlying lawsuit pending in Mecklenburg County, North Carolina, 23-CVS-6320.

4. Defendant Jade Alexia Carr is the mother and the guardian of the minor Defendant D.C., and a citizen and resident of Mecklenburg County, North Carolina.

1

5. Defendant Marcus Alonzo Harris ("Harris") is a citizen and resident of Mecklenburg County, North Carolina.

6. Defendant Deveon Cooper ("Cooper") is a citizen and resident of Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

7. Plaintiffs bring this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

8. This Court has jurisdiction based upon 28 U.S.C. § 1332. The citizenship of the parties is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTS

10. On October 19, 2020, Plaintiff Enterprise Leasing Company – Southeast, LLC rented to Defendant Cooper a 2020 Toyota Camry automobile pursuant to Plaintiff Enterprise Leasing Company's standard Rental Agreement, a copy of which is attached hereto as Exhibit A. Pursuant to the Rental Agreement, the Owner was Plaintiff Enterprise Leasing Company-Southeast, LLC. and Plaintiff EAN Holdings, LLC was the title owner. Also pursuant to the Rental Agreement, the Renter was Defendant Cooper. Defendant Harris was neither the Renter nor an Additional Authorized Driver ("AAD"). In fact, Defendant Harris is not mentioned in the Rental Agreement. And Plaintiffs had no contract or agreement with Defendant Harris regarding the 2020 Toyota Camry.

11. Paragraph 8 of the Terms and Conditions of the Rental Agreement provides in pertinent part as follows:

> Owner or its affiliate complies with applicable motor vehicle financial responsibility laws as an insured, self-insurer, bondholder or cash depositor. Except to the extent required by the motor vehicle financial responsibility laws of the applicable state or otherwise by law or the [Rental] Agreement, neither Owner or its affiliate extends any of its motor vehicle responsibility or provides insurance coverage to Renter, AAD(s), passengers or third parties through the [Rental] Agreement. If liability insurance or self insurance is available on any basis to Renter, AAD(s) or any other driver and such insurance or self insurance satisfies the applicable state motor vehicle financial responsibility law, then Owner or its affiliate as the case may be extends none of its motor vehicle financial responsibility. However, if Renter and AAD(s) are in compliance with the terms and conditions of the [Rental] Agreement and if Owner or its affiliate is obligated to extend its motor vehicle financial responsibility to Renter, AAD(s) or third parties, then Owner or its Affiliate's obligation is limited to the applicable state minimum financial responsibility amounts.

12. Pursuant to N.C. Gen. Stat. § 20-281, Plaintiffs are self insurers under Certificate No. 148.

13. The renter, Mr. Cooper, did not purchase supplemental liability insurance.

14. On November 18, 2020, pursuant to N.C. Gen. Stat. § 20-281, the minimum financial responsibility amounts were "thirty thousand dollars ($30,000) because of bodily injury or death to one person in an accident, and sixty thousand dollars ($60,000) because of bodily injury or death of two or more person in any one accident."

15. The Plaintiffs are informed and believe that on November 18, 2020, Defendant Harris, without permission, was driving the 2020 Toyota Camry rented to Defendant Cooper when it was subject to an attempted traffic stop by police in Charlotte, North Carolina. In an attempt to flee from the police, Defendant Harris failed to stop at a steady red light and collided with a vehicle driven by Defendant Jade Alexia Carr (the "Collision"). Defendant Jade Alexia Carr's daughter, the minor defendant, D.C., was a passenger in the vehicle. As a result of the Collision, Defendant D.C. suffered serious and permanent injuries. Defendant Jade Alexia Carr was also injured in the Collision.

16. There was a third vehicle involved in the Collision, a Chevrolet automobile being driven by Antonio Donte Howie. There were two passengers in the Howie automobile, Tacora Wright and Marquis Young. Mr. Howie and his two passengers suffered injuries as a result of the Collision.

## UNDERLYING LAWSUIT

17. As the result of the above-referenced Collision and the serious injuries to Defendant Jada Alexia Carr and minor Defendant D.C., a lawsuit was filed on April 6, 2023 in the General Court of Justice, Superior Court Division, Mecklenburg County, entitled "Walter L. Hart, IV, as Guardian Ad Litem for [D.C.], a minor, and Jade Alexia Carter, individually and as a mother to Dallas Collins, a minor v. Marcus Alonzo Harris; Deveon Cooper; EAN Holdings, LLC; and Enterprise Leasing Company-Southeast, LLC, 23 CVS 6320 (the "Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit, without exhibits, is attached hereto as Exhibit B. In the Underlying Lawsuit, the Plaintiffs seek to recover monetary damages for injuries which Defendant Carr and minor Defendant D.C. allegedly sustained in connection with the November 18, 2020, Collision.

18. In a letter dated May 27, 2023 to the Plaintiffs, Defendant Harris asked Enterprise "to represent me in this proceeding", referring to the Underlying Lawsuit.

19. While having no obligation to defend Defendant Harris, the Plaintiffs have hired Austin R. Walsh with the law firm Hedrick Gardner Kincheloe & Garofalo, LLP to defend Defendant Harris in this matter under a complete reservation of rights, incorporating the Terms and Conditions of the Rental Agreement.

20. The Plaintiffs are informed and believe that Defendant Cooper will contend that the Plaintiffs are obligated to defend and indemnify him against the Underlying Lawsuit. In addition,

3

the Plaintiffs are informed and believe that the plaintiffs in the Underlying Lawsuit will contend that the Plaintiffs have a duty to indemnify Defendants Cooper and Harris for any settlement or judgment in the Underlying Lawsuit.

21. A justiciable controversy therefore exists between the Plaintiffs and the Defendants, involving the rights and liabilities of the parties under the Rental Agreement.

22. The controversary existing between Plaintiffs and Defendants may be determined by a judgment in this lawsuit without the necessity of any additional lawsuits.

## FIRST CAUSE OF ACTION

23. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-22 above, as if fully set forth herein.

24. Under North Carolina law, there is no common law or statutory duty to defend. The only duty to defend is contractual.

25. The Rental Agreement, including the Terms and Conditions, does not contain a duty to defend provision.

26. As such, the Plaintiffs are entitled to a declaration that they are not obligated to provide a defense to Defendant Harris or Defendant Cooper in the Underlying Lawsuit.

## SECOND CAUSE OF ACTION

27. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-26 above as if fully set forth herein.

28. As stated above, Plaintiffs had a statutory obligation to provide up to the mandatory minimum financial responsibility limits of thirty thousand dollars ($30,000) because of bodily injury or death to one person in an accident, and sixty thousand dollars ($60,000) because of bodily injury or death of two or more persons in any one accident.

29. In that regard, Plaintiffs paid $7,200 to Antonio Howie, $20,400 to Marquis Young, and $32,400 to Tacora Wright in return for a release of all claims they had arising out of the Collision. Plaintiffs paid Tacora Wright $2,400 more than was authorized by statute, so, for purpose of calculating the minimum financial responsibility amounts owed, Plaintiffs are only allowed to count $30,000 of the $32,400 paid Tacora Wright.

30. When the amounts paid to Antonio Howie, Marquis Young, and Tacora Wright are totaled (excluding the extra $2,400 paid to Tacora Wright), plaintiffs have paid $57,600 of the $60,000 minimum limit because of bodily injury or death to two or more persons in any one accident. Thus, $2,400 remains available to be paid to the Plaintiffs in the Underlying Lawsuit.

31. Plaintiffs offered to pay the remaining $2,400 to the plaintiffs in the Underlying Lawsuit and Plaintiffs in the Underlying Lawsuit rejected the offer of $2,400.

4

32. The Plaintiffs never had any obligation to indemnify Mr. Harris because he was not an AAD and he did not have Mr. Cooper's permission to drive the vehicle. Even if the Plaintiffs have an obligation to indemnify Mr. Harris, which is denied, that obligation is limited to $2,400.

33. Based on the foregoing, Plaintiffs are entitled to a declaration that they do not have to indemnify Mr. Harris for any damages owed to the Plaintiffs in the underlying action, or in the alternative, that their indemnity obligation to Defendant Harris is limited to $2,400.

34. Also based on the foregoing, Plaintiffs are entitled to a declaration that their indemnity obligation to Mr. Cooper is limited to $2,400.

WHEREFORE, Plaintiffs pray the Court as follows:

1. That this Court determine and adjudicate the rights and liabilities of the parties with respect to the Rental Agreement, including the Terms and Conditions;

2. That the Court declare that the Plaintiffs have no duty to defend Defendant Harris in the Underlying Lawsuit;

3. That the Court declare that the Plaintiffs have no duty to indemnify Defendant Harris in the Underlying Lawsuit or, in the alternative, that their duty to indemnify Defendant Harris is limited to $2,400;

4. That the Court declare that the Plaintiffs have no duty to defend Defendant Cooper in the Underlying Lawsuit;

5. That the Court declare that the Plaintiffs duty to indemnify Defendant Cooper in the Underlying Lawsuit is limited to $2,400;

6. That the Court declare that the Plaintiffs may withdraw their defense of Defendant Harris in the underlying lawsuit, and that the Plaintiffs no longer are required to pay the attorneys' fees of either Defendant Harris or Defendant Cooper in defending the Underlying Lawsuit;

7. That the costs of this action be taxed to some party other than the Plaintiffs; and

8. That the Court grant to the Plaintiffs such other and further relief as may be just and proper.

This the 17th day of October, 2023.

        */s/ Nicholas D. Acevedo*
        Reid C. Adams, Jr.
        N.C. State Bar No. 9669
        Nicholas D. Acevedo
        N.C. State Bar No. 59228
        Womble Bond Dickinson (US) LLP
        One West Fourth Street
        Winston-Salem, NC 27101

Telephone: (336) 721-3600
Facsimile: (336) 721-3660
E-Mail: Cal.Adams@wbd-us.com
E-Mail: Nick.Acevedo@wbd-us.com
*Attorneys for Plaintiffs*