UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00663-RJC-DCK

| EAN HOLDINGS, LLC et al., | ) |
| --- | --- |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| D.C. et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendants Carr and D.C.'s Motion for Judgment on the Pleadings and Motion to Abstain, (Doc. No. 13), and Defendants Carr and D.C.'s Renewed Motion for Judgment on the Pleadings, Renewed Motion to Abstain, and Notice of Plaintiffs' Failure to Perfect Service on Defendant Harris, (Doc. No. 23). For the reasons set forth below, Defendants' Motion for Judgment on the Pleadings and Motion to Abstain, (Doc. No. 13), is **GRANTED**. Defendants' Renewed Motion for Judgment on the Pleadings and Renewed Motion to Abstain, (Doc. No. 23), is **DENIED AS MOOT**.

I. BACKGROUND

A. Underlying State Tort Action

This matter stems from an underlying personal injury action ("underlying state action") brought on April 6, 2023, by Defendant Jade Alexia Carr and guardian ad litem for minor Defendant D.C. in Mecklenburg County Superior Court (Doc. No. 9 ¶ 17). The underlying state action alleges sixteen causes of action based on various

1

theories of negligence against Defendant Marcus Alonzo Harris, Defendant Deveon Cooper, and Plaintiffs. (Doc. No. 11-1; State Court Compl. at 16–177).

On October 19, 2020, Plaintiff Enterprise Leasing Company-Southeast, LLC ("Plaintiff Enterprise"), in Salisbury, NC, rented a 2020 Toyota Camry automobile to Defendant Cooper pursuant to Plaintiff Enterprise's standard Rental Agreement. (Doc. No. 9 ¶ 10; Doc. No. 9-1; Rental Agreement). The Rental Agreement lists Plaintiff Enterprise as owner of the vehicle, Plaintiff EAN Holdings, LLC, as title owner of the vehicle, and Defendant Cooper as renter. (*Id.*) The Rental Agreement does not mention Harris as a renter nor as an additional authorized driver. (*Id.*). Defendant Cooper did not purchase supplemental liability insurance, but Plaintiffs are self-insured pursuant to N.C. Gen. Stat. § 20-281, requiring them to provide certain minimum coverage.[1] (Doc. No. 9 ¶ 12; Doc. No. 9-1 at 9, ¶ 8).

Defendants Carr and minor D.C. allege—and Plaintiffs dispute—that once the lease by Defendant Cooper expired in late October 2020, Defendant Harris returned the 2020 Toyota Camry to Plaintiff Enterprise's facility and paid cash to lease the vehicle. (Doc. No. 14 at 2; Doc. No. 11-3; Defendant Harris Affidavit; Doc. No. 11-4; Investigator Phifer Affidavit). Plaintiffs allege they "had no contract or agreement with Defendant Harris regarding the 2020 Toyota Camry." (Doc. No. 9 ¶ 10).

On November 18, 2020, police attempted to make a traffic stop on Defendant Harris as he was driving the 2020 Toyota Camry. (Doc. No. 9 ¶ 15). While fleeing

---

[1] N.C. Gen. Stat. § 20-281 provides minimum liability insurance that a lessor or renter of cars must "secure[] . . . for his own liability and that of his rentee or lessee." N.C. Gen. Stat. Ann. § 20-281 (effective until July 1, 2025).

from the police, Defendant Harris ran a red light and collided with two other vehicles, one of which was driven by Defendant Carr, with her daughter, minor Defendant D.C., as a passenger. (*Id.*). Defendant D.C. suffered serious and permanent injuries. (*Id.*) Plaintiffs paid $57,600 of their $60,000 statutorily required financial responsibility to occupants injured in the third vehicle. (*Id.* ¶¶ 28–30). Plaintiffs offered to pay their remaining $2,400 obligation to Defendants D.C. and Carr, but they rejected the offer. (*Id.* ¶ 31).

In a letter dated May 27, 2023, Defendant Harris notified Plaintiff Enterprise of the underlying state action and requested representation. (Doc. No. 11-14). Under a complete reservation of rights, Plaintiffs agreed to defend Defendant Harris in the underlying state action, (Doc. No. 9 ¶¶ 18–19), but Defendant Harris's counsel have since withdrawn. (Doc. Nos. 24-1, 24-2).

### B. Federal Declaratory Judgment Action

On October 17, 2023, Plaintiffs filed this federal declaratory judgment action, against Defendant Carr on behalf of herself and minor D.C., Defendant Harris, and Defendant Cooper. (Doc. No. 1). Plaintiff filed an amended complaint on October 27, 2023. (Doc. No. 9). Therein, Plaintiffs seek a declaratory judgment regarding their obligation to defend and/or indemnify Harris and Cooper in the underlying state action. (Doc. No. 9 at 4–5; Doc. No. 11-1; State Court Compl.). After answering, (Doc. No. 11), Defendants Carr and D.C. filed a Motion for Judgment on the Pleadings, asserting that this Court should abstain from considering the Complaint and dismiss the action because factual disputes remain that are better suited for resolution in the

3

underlying state action. (Doc. No. 14 at 11). In the alternative, Defendants ask that this Court grant their motion for judgment on the pleadings. (*Id.*).

Plaintiffs timely responded in opposition, arguing that abstention principles weigh in favor of this Court resolving legal issues important to the underlying state action, and Defendants' Motion should further be denied because material facts relevant to the federal action are disputed such that a judgment on the pleadings is not warranted. (Doc. No. 15 at 6, 11–13). Defendants D.C. and Carr timely filed their reply. (Doc. No. 16). On September 20, 2024, Plaintiffs moved for entry of default as to Defendants Cooper and Harris. (Doc. Nos. 17, 19). On September 23, 2024, the Clerk entered default as to both. (Doc. Nos. 21, 22).

On October 3, 2024, Defendants Carr and D.C. filed a renewed motion for judgment on the pleadings, a renewed motion to abstain, and notice of Plaintiffs' failure to perfect service on Defendant Harris. (Doc. No. 23). On October 9, 2024, Plaintiffs timely filed a response. (Doc. No. 25). On October 11, 2024, Defendants Carr and D.C. filed notice of intent not to file a reply brief. (Doc. No. 26).

## II. STANDARD OF REVIEW

The first issue before the Court is whether the Court should exercise jurisdiction over this matter.[2] Pursuant to the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration" upon the filing of an appropriate pleading. 28 U.S.C. § 2201(a); *accord*

---

[2] No discussion of the standard for judgment on the pleadings is necessary because the Court is abstaining from hearing this action and is not ruling on the merits.

4

*Med. Mut. Ins. Co. of N.C. v. Littaua*, 35 F.4th 205, 208 (4th Cir. 2022). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 2143 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S. Ct. 236 (1952)) (other citations omitted).

"[C]ourts have broad discretion to abstain from deciding declaratory judgment actions" when "a parallel state case is pending." *Littaua*, 35 F.4th at 208 (quoting *VonRosenberg v. Lawrence*, 781 F.3d 731, 734 (4th Cir. 2015), *as amended* (Apr. 17, 2015)). The Fourth Circuit "recognizes that hearing declaratory judgment actions in such circumstances is ordinarily 'uneconomical,' 'vexatious,' and risks a 'gratuitous interference' with state court litigation." *Id.* (citations omitted).

When determining whether to abstain from hearing such actions, the Fourth Circuit requires consideration of the following *Nautilus* factors:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Id.* at 208–09 (quoting *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005) (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

## III. DISCUSSION

Defendants D.C. and Carr argue that this Court should abstain from hearing this action regarding Plaintiffs' duty to defend and/or indemnify Defendants Cooper and Harris because the action involves multiple legal and factual issues that Defendants argue are best resolved in the state court action. (Doc. No. 14 at 4). Guided by the *Nautilus* factors, this Court finds interests of federalism, efficiency, and comity weigh in favor of abstaining from deciding the issues before it.

### A. Duty to Defend

Application of the *Nautilus* factors directs this Court to abstain from hearing a declaratory judgment action regarding Plaintiffs' duty to defend Defendants Harris and Cooper. This Court recognizes that district courts routinely hear declaratory judgment actions regarding the duty to defend. However, determining the duty to defend in the present matter would risk factual overlap, potential preclusion, inefficiency, and promotion of forum shopping, as discussed below. *See Nat'l Fire Ins. Co. of Hartford v. Robertson*, No. CIV. 1:08CV516, 2009 U.S. Dist. LEXIS 35865, at *1 (W.D.N.C. Apr. 7, 2009) (abstaining from deciding a declaratory judgment action regarding a duty to defend); *Cincinnati Ins. Co. v. Meetze Plumbing Co.*, No. 3:20-CV-02719, 2022 WL 4018378, at *4 (D.S.C. Sept. 2, 2022) (same).

*1. State Interests*

Under the first factor—whether the state has a strong interest in having the issues decided in its courts—the Court finds this factor is neutral at best. Determining Plaintiffs' duty to defend Cooper or Harris does not require the Court to

6

answer "difficult, complex, or unsettled" questions of state law. *Nautilus Ins. Co.*, 15 F.3d at 378 (citations omitted). A state's interest in having issues decided in its courts is "'not particularly significant' where any state law issues are standard and 'unlikely to break new ground.'" *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004) (citation omitted). However, the Court recognizes that North Carolina has an interest in insurance contracts entered in its state. *See Nat'l Fire Ins. Co. of Hartford v. Robertson*, No. 1:08CV516, 2009 U.S. Dist. LEXIS 142673, at *10–11 (W.D.N.C. Feb. 17, 2009), *memorandum and recommendation adopted*, No. 1:08CV516, 2009 U.S. Dist. LEXIS 35865 (W.D.N.C. Apr. 7, 2009). Accordingly, this factor favors or, at best, is neutral regarding abstention.

   2. *Efficiency*

Under the second factor—whether the state courts could resolve the issues more efficiently than the federal courts—the Court finds this factor also favors abstention. "[T]he Supreme Court has directed us to focus primarily on 'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceedings' that are already 'pending in the state court[s].'" *Nautilus Ins. Co.*, 15 F.3d at 378 (second alteration in original) (citation omitted). This requires considering "whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in [the state] proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in [the state] proceeding." *Littaua*, 35 F.4th at 211 (alterations in original) (citations omitted). "[W]here another suit involving the same parties and presenting opportunity for

7

ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Nat'l Fire Ins. Co. of Hartford,* 2009 U.S. Dist. LEXIS 35865, at *3 (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 283, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)) (alterations in original).

Here, all parties to the federal action are parties to the state proceeding and could adequately present these issues during the state court proceedings. The Court highlights that Plaintiffs did provide a defense to Defendant Harris for a period but have since withdrawn with Defendant Harris's permission, and he has not subsequently requested counsel. (Doc. No. 24 at 10). Further, it appears to the Court that Defendant Cooper has never requested counsel from Plaintiffs (*Id.*). Should these issues arise, the state court could handle them efficiently. As discussed under the next factor, many issues of fact regarding the duty to defend overlap with the state proceeding. "Common sense would counsel against two courts gearing up to resolve what are likely to be overlapping and entangled issues stemming from the same operative facts." *Nat'l Fire Ins. Co. of Hartford*, 2009 U.S. Dist. LEXIS 142673, at *13, *memorandum and recommendation adopted*, 2009 U.S. Dist. LEXIS 35865. The state court will have greater knowledge of the evidence, the contractual language, and the relationship between Defendant Cooper, Defendant Harris, and Plaintiffs at the time of the accident. Accordingly, the second factor favors abstention.

### *3. Unnecessary Entanglement*

Under the third factor—whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems—the Court finds this favors abstention because although "factual overlap is not certain, . . . the risk is present and significant." *Littaua*, 35 F.4th at 212.

The Court recognizes that ordinarily in North Carolina, the duty to defend is measured by the facts as alleged in the pleadings. *See Gov't Emps. Ins. Co. v. Loyal*, 629 F. Supp. 3d 343, 349 (M.D.N.C. 2022) ("A declaratory judgment as to the duty to defend will not require any factfinding by this court . . . ."). Nevertheless, the Court finds that based on the circumstances of this particular case, unnecessary entanglement could occur. "[T]he core question that we must resolve is whether [this] [C]ourt's efforts to decide the coverage issue would result in entanglement, through gratuitous interference, with state court proceedings by preempting critical factual findings that the state court will have to make in resolving [the state plaintiff's] claims." *Littaua*, 35 F.4th 205 at 211 (second alteration in original) (citation omitted).

Although the Court could determine the provided coverage under the Rental Agreement, this Court would risk touching on questions that the state court could more efficiently answer—and should answer—as they are relevant to the underlying allegations of Plaintiffs' and/or Defendant Cooper's negligent entrustment of the 2020 Toyota Camry to Defendant Harris. (*See e.g.,* Doc. No. 9-2 at 19, 48; Doc. No. 11-7; Defendant's Response to Plaintiff's Motion to Dismiss in State Court at 6–10, 14–15). Such issues include any or all the following: (1) whether Plaintiff rented a car to

Defendant Harris; (2) whether Defendant Cooper extended the rental and authorized Defendant Harris to drive the vehicle; (3) whether Plaintiff entered a new oral agreement regarding said rental; and/or (4) the terms of an alleged oral agreement. These questions are essential to the negligence claims in the underlying action and will likely be determined at the state level. *See Littaua*, 35 F.4th at 211 ("The concern is that if the federal court were to reach final judgment on issues shared with the state case the state court may be precluded from examining those issues."); *Nat'l Fire Ins. Co. of Hartford v. Robertson*, 2009 U.S. Dist. LEXIS 142673, at *11, *memorandum and recommendation adopted*, 2009 U.S. Dist. LEXIS 35865 ("[I]t is conceivable that even if this court were to promptly enter a decision on the declaratory judgment action, it could be called on to revisit such decision as the state case evolved through discovery and any amendments to the pleadings.").

Accordingly, this factor favors abstention because a determination regarding Plaintiffs' duty to defend Defendant Harris entails factual questions relevant to the underlying action, making the risk of overlap with the state court proceeding "present and significant." *Littaua*, 35 F.4th at 212.

### 4. Forum Shopping

Under the fourth factor—whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping—the Court finds it weighs in favor of abstention because the underlying factual issues in dispute relevant to both the state and federal actions indicate Plaintiffs' attempt to "race[] to federal court . . . to get certain issues that are already pending before the

10

state courts resolved first in a more favorable forum." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 212 (4th Cir. 2006). Additionally, Plaintiffs filed this federal action approximately six months after the filing of the state case and five months after Defendant Harris made his initial demand on Plaintiffs. (Doc. No. 14 at 11). To the extent Plaintiffs are attempting to have this Court define Defendant Harris's coverage or his connection with Defendant Cooper or Plaintiffs, the Court declines to engage. Accordingly, this factor favors abstention.

Overall, "[a]lthough this might be considered a close call, abstention here avoids the preclusive circumstances we seek to avoid." *Littaua*, 35 F.4th at 212. Accordingly, this Court abstains from determining Plaintiffs' duty to defend Defendants Cooper and Harris.

**B. Duty to Indemnify**

In their complaint, Plaintiffs allege any duty to indemnify Defendant Cooper is statutorily limited to the remaining $2,400 that Plaintiff has yet to spend. (Doc. No. 9 at 4–5; Doc. No. 15 at 3). Further, Plaintiffs request this Court declare they have no duty to indemnify Defendant Harris, but even if they do, their duty is also statutorily limited to $2,400. (*Id.*)

"When a declaratory judgment seeks to establish indemnity rights at issue in ongoing state litigation, . . . resolution in the federal courts may be improper." *Prism Renewables, Inc. v. Five M's, LLC*, No. 321-cv-0169, 2023 WL 2712483, at *3 (W.D.N.C. Mar. 30, 2023). "[S]uits about the duty to indemnify . . . would ordinarily be advisory when the insured's liability remains undetermined." *Trustgard Ins. Co.*

11

*v. Collins*, 942 F.3d 195, 200 (4th Cir. 2019) (citations omitted). "The duty to indemnify can only be resolved before the completion of the underlying case if no necessary facts remain in dispute." *Those Certain Underwriters at Lloyd's, London v. Med. Fusion, LLC*, No. 1:20-CV-00041, 2020 WL 6050576, at *3 (W.D.N.C. Oct. 13, 2020) (citations omitted).

The Court finds the *Nautilus* factors weigh in favor of abstention. Under the first factor, for similar reasons previously discussed, North Carolina has an interest in the present action. Also, the duty to indemnify in this action depends on the application of a North Carolina statute to the disputed facts—a definite interest to North Carolina. Regarding the second and third factors, Plaintiffs' argument that deciding indemnification could facilitate settlement by making the parties to the underlying lawsuit aware of what is recoverable does not persuade the Court. (Doc. No. 15 at 7). Factual issues remain regarding whether Defendant Harris falls under the coverage of the Rental Agreement or whether he entered a separate agreement with Plaintiffs, either of which may subject him to coverage by Plaintiffs under N.C. Gen. Stat. § 20-281. Such liability questions are best answered at trial. Lastly, the Court also finds evidence of forum shopping for the same reasons previously discussed under the duty to defend.

Similarly, ruling on whether Defendant Cooper has a right to indemnification under North Carolina law depends on factual disputes regarding Defendant Cooper's liability, his possible extension of and continued coverage under the Rental Agreement at the time of the accident, and his connection with Defendant Harris.

Thus, to avoid risking the issuance of an advisory opinion, the Court abstains from determining Plaintiffs' duty to indemnify Defendants Harris and Cooper.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that

1. Defendants' Motion for Judgment on the Pleadings and Motion to Abstain, (Doc. No. 13), is **GRANTED**.

2. Defendants' Renewed Motion for Judgment on the Pleadings and Renewed Motion to Abstain, (Doc. No. 23), is **DENIED AS MOOT.**

Signed: January 6, 2025

Robert J. Conrad, Jr.
United States District Judge